# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 7, 2011

Lyle W. Cayce
Clerk

No. 10-40175
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HENRY MUNOZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-484-2

Before REAVLEY, DENNIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Henry Munoz appeals the 151-month sentence he received following his guilty plea conviction for conspiracy to possess with intent to distribute 1,084.4 kilograms of marijuana in violation of 21 U.S.C. §§ 841 and 846.  Munoz argues that the district court erred in denying his motion for a downward departure, pursuant to U.S. Sentencing Guidelines Manual (U.S.S.G.) § 5K2.12, maintaining his contention that he provided false testimony at his co-defendant's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40175

trial under duress as a result of his co-defendant's threats against the lives of his family members.

This court lacks jurisdiction to review the denial of a downward departure motion made pursuant to U.S.S.G. § 5K2.12 unless the district court held a mistaken belief that it lacked authority to depart. *United States v. Lucas*, 516 F.3d 316, 350-51 (5th Cir. 2008); *United States v. Hernandez*, 457 F.3d 416, 424 (5th Cir. 2006). Munoz does not argue, and the record does not indicate, that the district court in this case mistakenly believed it was not authorized to grant the motion. Consequently, this court lacks jurisdiction to review the denial of the motion. *See Lucas*, 516 F.3d at 350-51; *United States v. Buck*, 324 F.3d 786, 797-98 (5th Cir. 2003).

APPEAL DISMISSED.